James Agnew v. Michigan Central Railroad Co.

*Railroad fencing—Injuries to live stock.*

A flock of sheep were killed by a railroad train in the neighborhood of a cattle-guard at a highway crossing. There was testimony that the fencing near by was and had long been insufficient, and that the cross-fence was two feet short of the cattle-guard and the cattle-guard was shallow. *Held,* that in an action against the railway company for damages the case was properly left to the jury.

Error to Shiawassee. (Newton, J.) Jan. 15.—Jan. 21.

CASE. Defendant brings error. Affirmed.

*M. V. & R. A. Montgomery* for appellant.

*A. R. McBride* for appellee.

SHERWOOD, J. This action was brought in the Shiawassee circuit court to recover for a flock of sheep which were run over and killed by the defendant's engine and train of cars on the night of June 24, 1883, near a highway crossing.

It was claimed by plaintiff upon the trial that the defendant's right of way, where the injury occurred, was insufficiently fenced, and that the cattle-guard at the crossing was also improperly constructed, and that it was in consequence of the defective fence and insufficient cattle-guard that the plaintiff's sheep came in upon the defendant's roadway and track, and were there injured and killed. The defendant claimed, and the testimony strongly tended to show, that as the train (which was coming south) approached the highway, the sheep were lying down therein, and as the train neared them they sprang up and ran south on the highway and railroad track until they reached the cattle-guard, and were then struck by the engine and killed, and many of them carried several rods south on the railroad grounds and along the track; that the railroad fences were of sufficient height and strength, and the cattle-guard properly constructed and suffi-

cient to keep cattle and other animals from getting upon the railroad grounds.

The cause was tried by jury, and several witnesses were sworn upon both sides. At the close of the testimony, counsel for defendant requested the court to charge the jury that the evidence showed no negligence on the part of the company, and that the plaintiff could not recover. The court declined to charge as thus requested, and submitted the cause to the jury, and the plaintiff obtained a verdict for $156.82. The exception taken to the refusal of the court to charge as requested by defendant's counsel raises the only question for our consideration. The testimony tended to show that the railroad fences were only about three feet high in several places where the accident occurred, and that there was a space about two feet wide between the end of the cross-fence and the cattle-guard, and that the cattle-guard was about two or three feet deep. It also appeared from the testimony of the plaintiff that two neighbors, living only about ten or fifteen rods from the crossing, passed over the highway at the crossing half an hour before the injury occurred, and that they then discovered no sheep in the highway; that they heard the ringing of the bell and the whistle sound several times as the train passed at the crossing, and were there in two minutes after the sheep were killed; that they discovered no sheep tracks in the highway, and saw no evidence that the sheep crossed over the cattle-guard, but did see sheep-tracks along the railroad track upon the company's grounds south of the highway for several rods, and the remains of forty-five dead sheep scattered along the track within a distance of thirty rods south of the cattle-guard, and several live sheep standing near the fences on the railroad grounds. It further appeared that the fences had remained in the condition they then were for several months previous to the accident.

It is unnecessary to review the evidence given on the part of the defendant, which, as we have said, strongly tended to show that the sheep were killed upon the highway crossing and upon the cattle-guard. We think there was sufficient

evidence offered by the plaintiff to go to the jury, upon his theòry of the case, and the circuit judge committed no error in submitting the case to them.

The judgment must be affirmed.

The other Justices concurred.